CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 27 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JACK R. GILBERT, JR., | ) |
| | ) Civil Action No. 3:13CV00010 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Jack R. Gilbert, Jr., was born on March 18, 1964, and eventually completed the ninth grade in school. Mr. Gilbert has worked as a supervisor in a heating and air conditioning business, and as an engineer and manager for an apartment complex. He last worked on a regular and sustained basis in 2004. On March 1, 2010, plaintiff filed an application for a period of disability and disability insurance benefits. He alleged that he became disabled for all forms of substantial gainful employment on January 1, 2004 due to back problems and diabetes. Mr. Gilbert now maintains that he has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act through the fourth quarter of 2010, but not thereafter.

See, gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, Mr. Gilbert is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before December 31, 2010. See gen., 42 U.S.C. § 423(a).

Mr. Gilbert's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 21, 2011, the Law Judge also determined that Mr. Gilbert was not disabled. The Law Judge found that plaintiff suffered from severe impairments including obesity, spine disorder (degenerative disc disease/post lumbosacral fusion), hypertension, diabetes mellitus, affective disorder, learning disorder, and anxiety disorder (post-traumatic stress disorder). (TR 25). Because of these conditions, the Law Judge ruled that plaintiff was disabled for all of his past relevant work activities. However, the Law Judge determined that Mr. Gilbert retained sufficient functional capacity for a limited range of light work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can do no work requiring more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; must avoid concentrated exposure to hazardous machinery and unprotected heights; work is limited to simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements and involving only simple work-related decisions with few, if any, work place changes; and work must involve no more than minimal (defined as greater than none, but less than occasional) interaction with the public, co-workers, and supervisors.

(TR 27). Given such a residual functional capacity, and after considering Mr. Gilbert's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that plaintiff retained sufficient functional capacity to perform several specific light work roles

at all relevant times prior to the termination of his insured status. Accordingly, the Law Judge ultimately concluded that Mr. Gilbert was not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Gilbert has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record confirms that Mr. Gilbert suffers from back problems, diabetes, and emotional difficulties. The court believes that the Law Judge properly determined that plaintiff's impairments do not meet or equal any of the listings under Appendix 1 to Subpart P of the Administrative Regulations Part 404. See 20 C.F.R. § 404.1520(d).[1] The court also believes that the evidence supports the Law Judge's finding that Mr.

---

[1] If a claimant suffers from an impairment, or combination of impairments, which meets or equals a listing under Appendix 1, the claimant is determined to be disabled without consideration of factors such as age, education, and prior work experience.

3

Gilbert is disabled for all of his past relevant work roles. See 20 C.F.R. § 404.1520(f). However, the court is unable to determine whether the evidence supports the Law Judge's determination that Mr. Gilbert retained sufficient functional capacity to perform several specific alternate work roles existing in significant number in the national economy. More specifically, the court is unable to conclude that the Law Judge properly assessed the vocational impact of plaintiff's emotional impairments.

Without going into any great detail at this time, the court notes that the medical record confirms that Mr. Gilbert has suffered from significant lower back problems over a period of many years. He has undergone two separate surgical procedures for relief of lower back discomfort. The record reflects that plaintiff quit his last job after experiencing a back injury. In the years thereafter, Mr. Gilbert sought treatment for both his lower back problems and Type II diabetes. By 2010, he was suffering from diabetic neuropathy. Based on concerns as to the level of plaintiff's depression, plaintiff's family doctor referred him for psychiatric evaluation and treatment. Dr. Richard Kim, a board certified psychiatrist and neurologist, began treating Mr. Gilbert on December 2, 2010. Since that time, plaintiff's treating mental health specialists have submitted reports and assessments indicating that Mr. Gilbert's major depressive disorder, anxiety disorder, and panic disorder contribute to an overall disability. (TR 8, 634-38, and 668).

The Administrative Law Judge's evaluation of the opinion evidence in this case is limited to the following comments:

> As for the opinion evidence, the opinions of the experts who prepared the State Agency (DDS) reports are given the greatest weight, particularly the most recent assessments (Exhibit 11 E). These expert opinions are balanced, objective, and consistent with the evidence of record as a whole. Although these experts did not have an opportunity to examine or treat the claimant, the reports clearly reflect a

thorough review of the record and are supportable. In short, these experts' familiarity with the SSA disability evaluation program and the evidence of record warrants the greatest weight – the opinions given the greatest weight are most consistent with the longitudinal review of the evidence of record.

Less weight is given to the claimant's treating/examining source opinion contained in the reports at Exhibits 14F and 18F. Although these sources did have the opportunity to examine and treat the claimant, the opinions offered are not supported with a rationale or an identification of the signs and laboratory findings and are not consistent with the other medical evidence of record as a whole. They essentially adopt the claimant's statements without balance or objectivity. Also, these experts' opinions do not reflect a familiarity with the SSA disability program. Finally, to the extent they opine on the ultimate issue of disability, these opinions tread on an issue reserved for the Commissioner. Hence, they are not entitled to controlling weight under 20 C.F.R. Sections 404.1527 and/or 416.927.

(TR 28-29).

The court believes that Law Judge's assessment of the reports from the treating mental health specialists and state agency physician misses the mark in several different respects. As reflected in the Law Judge's opinion, the Law Judge apparently gave the greatest weight to the report of Dr. Luc Vinh, a nonexamining state agency family practitioner who completed a record review on November 17, 2010.[2] (TR 199-210). However, as noted above, Dr. Kim did not begin his psychiatric treatment of Mr. Gilbert until December 2, 2010. Obviously, Dr. Vinh did not have the opportunity to consider the findings and diagnoses from the board certified psychiatrist when he offered his assessment of Mr. Gilbert's emotional limitations. Thus, the court is unable to conclude that the Law Judge's reliance on the state agency physician's report is supported by substantial evidence.

The court also notes that, in formulating a hypothetical question for the vocational expert, the Law Judge failed to include all of the work-related limitations noted by Dr. Vinh in his functional

---

[2] Dr. Sandra Francis, a psychologist, also contributed to this report. Dr. Francis assessed plaintiff's mental condition in terms of the listings under Appendix 1.

capacity assessment. Based on his review of the medical evidence, completed at a time before Dr. Kim generated a psychiatric evaluation, Dr. Vinh reported that Mr. Gilbert experienced moderate limitations in his ability to understand and remember detailed job instructions, carry out detailed instructions, maintain attention and concentration for extended periods, and work in proximity to others without distraction. (TR 204). Dr. Vinh specifically reported that Mr. Gilbert could be expected to experience "sustained concentration and persistence limitations." (TR 204). Yet, with the possible exception of the problems interacting with other people, the Law Judge included none of these significant limitations in the hypothetical posed to the vocational expert. (TR 57, 58). Clearly, difficulties in attention and concentration are relevant to the performance of the unskilled work roles envisioned by the vocational expert for Mr. Gilbert. (TR 58-59). It is well settled that if a vocational expert's opinion is to be deemed to be helpful or relevant, it must be based upon consideration of all of the work-related limitations documented in the medical record. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Thus, even assuming that the Law Judge properly relied on the report from the nonexamining state agency physician, the Law Judge's treatment of the work-related emotional limitations is not supported by substantial evidence.

Ultimately, the Law Judge gave no meaningful reasons for discounting the reports and opinions from Dr. Kim, the board certified psychiatrist and neurologist, and Robert D. Baker, Jr., the licensed professional counselor who treated Mr. Gilbert under Dr. Kim's supervision. Both of these treating sources had the opportunity to see and evaluate plaintiff over a period of time. This longitudinal perspective is especially important in claims adjudication. Under the administrative regulations, it is provided that opinions from an examining source are generally entitled to more weight in comparison to opinions from nonexamining sources. See 20 C.F.R. § 404.1527(c)(1).

Greater weight is given to the opinions of medical sources who have actually treated the claimant over a period of time. See 20 C.F.R. § 404.1527(c)(2). Finally, the regulations provide that greater weight is to be accorded to the opinions of medical specialists, such as Dr. Kim. See 20 C.F.R. § 404.1527(c)(5). The court cannot determine that the Administrative Law Judge took these regulatory preferences into account. For all of these reasons, the court concludes that the Commissioner's final decision is not supported by substantial evidence.

On the other hand, the court is unable to determine from the present record that Mr. Gilbert has met his burden of proof in establishing total disability for all forms of substantial gainful employment. During the same period in which Dr. Kim was treating Mr. Gilbert, the physicians who were seeing plaintiff for his diabetic problems did not note any significant emotional symptomatology. Perhaps more importantly, the reports from Dr. Kim and Mr. Baker do not necessarily support the notion that Mr. Gilbert's depression and anxiety had progressed to disabling levels at a time prior to the termination of insured status. Indeed, Dr. Kim first treated Mr. Gilbert less than a month prior to termination of insured status on December 31, 2010.

Considering all the circumstances in this case, the court is constrained to conclude that there exists good cause for remand of the case for further consideration of all the critical issues outlined above. In passing, the court notes that a consultative psychiatric evaluation might prove very helpful in addressing the issues as to the extent and onset of plaintiff's emotional problems.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration. See 40 U.S.C. § 405(g). Upon remand, both sides will be allowed to present additional evidence and argument. If the Commissioner is unable to decide this case in plaintiff's favor based on the existing record and any additional

7

evidence which may be generated, the Commissioner shall refer this case to an Administrative Law Judge for a supplemental administrative hearing and review. An appropriate order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 27th day of November, 2013.

_____
Chief United States District Judge